UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LESTER SINGLETON, JR.,

      Petitioner,

                                      CASE NO. 12-11122
v.                                  HONORABLE LAWRENCE P. ZATKOFF

STEVE RIVARD,

      Respondent.

_____/

## ORDER
### (1) GRANTING RESPONDENT'S MOTION TO AMEND AND DIRECTING RESPONDENT TO FILE AN AMENDED ANSWER, (2) GRANTING PETITIONER'S MOTION TO AMEND, AND (3) DENYING PETITIONER'S MOTIONS FOR A STAY

This habeas corpus case is pending before the Court on four motions.  Both Petitioner and Respondent have filed motions to amend their pleadings, and Petitioner has filed two motions to stay these proceedings while he returns to state court and exhausts state remedies for two of his claims. For the reasons that follow, the motions to amend are granted, but the motions for a stay are denied.

Petitioner is challenging his Wayne County convictions for first- and second-degree criminal sexual conduct.  He was sentenced in 2007 to concurrent terms of twenty-five to sixty years in prison for first-degree criminal sexual conduct and six to fifteen years in prison for second-degree criminal sexual conduct.  In an appeal of right, Petitioner argued that he was denied a fair trial by the admission of hearsay evidence, that there was insufficient evidence to support his conviction for first-degree criminal sexual conduct, and that the trial court (1) deprived him of his constitutional right to represent himself, (2) erred by refusing to grant a continuance, and (3) abused its discretion by refusing to depart below the mandatory minimum sentence.  The Michigan Court of Appeals

affirmed Petitioner's convictions, and on September 11, 2009, the Michigan Supreme Court denied

leave to appeal.

In 2010, Petitioner filed a motion for relief from judgment in which he argued that the trial

court abused its discretion by refusing to address his motion for fraud on the court, trial counsel was

ineffective, the prosecutor erred by not producing a *res gestae* witness, and his convictions should

be reversed on the basis of actual innocence.  The trial court denied Petitioner's motion, and both

state appellate courts denied leave to appeal the trial court's decision.

On March 13, 2012, Petitioner filed his habeas corpus petition, asserting thirteen grounds

for relief.  In his motion to amend, Petitioner asks the Court for permission to amend the requested

relief.  The Court should freely grant leave to amend when justice so requires, FED. R. CIV. P.

15(a)(2), and Petitioner merely seeks to change the requested relief from "resentencing and [a

remand] for a new and fair trial" to the "grant of the writ of habeas corpus."  Because the amended

request for relief is more general and flexible, justice will be served by allowing Petitioner to amend

his pleading.  Consequently, Petitioner's motion to amend [Doc. #6, filed September 17, 2012] is

**GRANTED**.

Respondent has also filed a motion to amend.  He seeks to amend his answer to the habeas

petition by correcting errors in his citations to the record.  The corrections are expected to make the

answer to the habeas petition less confusing and misleading.  Thus, justice will be served by the

filing of an amended answer, and Respondent's motion to amend [Doc. #9, filed Sept. 21, 2012] is

**GRANTED**.

Although Respondent states in his motion that he is filing an amended answer to the habeas

petition contemporaneously with his motion, the item docketed as an amended answer is actually

a duplicate motion to amend.  *Cf.* Doc. #9, docketed as a "motion to amend/correct," with Doc. #10, docketed as an "amended answer."  Respondent therefore is **ORDERED** to file his amended answer to the habeas petition within **twenty-one (21) days** of the date of this order.

The final motions under consideration are Petitioner's motions to stay these proceedings and hold his habeas petition in abeyance.  Petitioner wants to return to state court to exhaust state remedies for habeas claims twelve and thirteen.

Petitioner's only remedy in state court is to file a motion for relief from judgment under Subchapter 6.500 of the Michigan Court Rules.  Prisoners seeking relief from a judgment of conviction are entitled to file only one such motion unless the motion is based on a retroactive change in the law or on a claim of new evidence.  Mich. Ct. R. 6.502(G).  Petitioner has already filed one motion for relief from judgment in state court, and he has not satisfied either exception to Rule 6.502(G).  Therefore, he lacks an available state remedy to exhaust, and his motions for a stay (Doc. # 11, filed Oct. 15, 2012, and Doc. #13, filed Oct. 24, 2012) are **DENIED**.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 17, 2013